MARK STEPHEN SMITH SBN 158734
THE COMMUNITY LAW GROUP LLC
444 W. OCEAN BLVD. SUITE 800
LONG BEACH, CA. 90802
(562) 437-3326 Telephone
(562) 684-4311 Facsimile
Thecommunitylawgroup@gmail.com

Attorney for Plaintiff DON SPENCER

UNITED STATES DISTRICT COURT

IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON SPENCER both as an individual and the Administrator of the estate of JEREMY SPENCER.<br><br>Plaintiff<br><br>vs.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a Municipal Entity, Deputies John Doe #1, John Doe #2, and DOES, 3-30,<br><br>Defendants, | Case No: 2:19-CV-808<br><br>**COMPLAINT**<br><br>1. Deprivation of Civil Rights under color of authority ( 42 USC§ 1983)<br>2. Failure to Properly Train( 42 USC§ 1983)<br>3. Excessive Force in Violation of the Fourth Amendment( 42 USC§ 1983)<br>4. Torture by Taser as a Violation of the Fourth Amendment;( 42 USC§ 1983)<br>5. Wrongful Death (CCP 377.60);<br>6. Assault and Battery;<br>7. Intentional Infliction of Emotional Distress;<br>8. Negligence;<br>9. Negligent Infliction of Emotional Distress, and;<br>10. California Civil Code § 52.1<br><br>JURY TRIAL IS HEREBY DEMANDED |

COME NOW, DON SPENCER, as an individual and the administrator of the ESTATE OF JEREMY SPENCER, through its personal representative, by its attorney of record, Mark Stephen Smith, allege and complain as follows:

## I.

## GENERAL ALLEGATIONS

1. Jurisdiction is proper in the United States District Court for the Central District of California pursuant to 42 U.S.C. §1983(Federal Question) and 28 U.S.C. § 1346(b)(1).

2. This Court has supplemental jurisdiction over the pendant state law claims under 28 U.S.C. § 1367 (a).

3. Plaintiffs' claims under 28 U.S.C. §§ 1346, and 2671-2680 (Federal Tort Claims Act) were timely filed on August 1, 2018. It was not responded to by the County of Los Angeles or the Los Angeles County Sheriff's Department.

4. Venue is proper in the Central District of California because the acts or omissions which form the basis of the Plaintiffs' claims occurred in Lancaster, California, Los Angeles County.

5. The individuals named were law enforcement agents and employees of the County of Los Angeles. They were acting within the scope of their employment at all times relevant to this complaint.

6. At all times relevant to this complaint, Plaintiff was an individual residing in Los Angeles County, California.

7. At all times relevant to this complaint, the Los Angeles County Sheriff's Department was a County agency of defendant County of Los Angeles and was operating in Los Angeles County, California.

8. Plaintiffs are truly ignorant of the true names and capacities of DOES 1 through 30

1  inclusive, and/or are truly ignorant of the facts giving rise to their liability and will amend this
2  complaint once their identities have been ascertained as well as the facts giving rise to their liability.
3        9. These defendants were agents, servants and employees of each of the other named
4  defendants and were acting at all times within the full course and scope of their agency and
5  employment, with the full knowledge and consent, either expressed or implied, of their principal
6  and/or employer and each of the other named defendants. Each of the defendants had approved or
7  ratified the actions of the other defendants, thereby making the currently named defendants liable for
8  the acts and/or omissions of their agents, servants and/or employees.

## II.
## PARTIES
### PLAINTIFF

10. Plaintiff is Don Spencer who brings these causes of actions under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), the Federal Tort Claims Act and California state law.

### DEFENDANTS

11. Defendants are the County of Los Angeles (COUNTY), the Los Angeles County Sheriffs Department (SHERIFF'S DEPARTMENT), and Deputies "John Does" 1 and 2 who were and are possibly still employed by the Los Angeles County Sheriffs Department and does 3 through 30. The Plaintiff will amend the names of John Doe 1 and 2 and other doe defendants once he identifies their names.

## III.
## FACTUAL ALLEGATIONS

The decedent Jeremy Spencer was an honorably discharged army veteran who was diagnosed with post-traumatic stress disorder. He was deemed service connected disabled with the psychosis. He was also diagnosed with paranoid schizophrenia at or around October 2017. He began claiming that he saw Martians in his neighborhood. He thought that the people in his neighborhood were Martians. He began threatening certain neighbors with force to remove these neighbors from his neighborhood to defend them from Martians. Neighbors called the police because of Jeremy's

conduct at or around this time. Jeremy was 48 years old at the time. The sheriff's department sent deputies to Jeremy's home twice because of the calls. At the last call, a mental health crisis team came to Jeremy's home as well. Every time police or the mental health crisis team would come to Jeremy's home, he would either not answer the door or he was not home.

      On February 3, 2018, deputies observed Jeremy in the backyard of his residence. They jumped over the fence leading to his backyard. Prior to entering Jeremy's back yard. The Officers did not announce themselves, indicate that they were in possession of a warrant, or were in possession of a warrant. In addition, the Deputies entered Jeremy's back yard without Jeremy's permission, and told him to place his arms behind his back. Although Jeremy initially complied, when a deputy attempted to handcuff him, he became uncooperative because the deputies started to become aggressive in cuffing him. He thought they were martians. He turned around and punched one of the deputies. A fight ensued as both deputies attempted to restrain Jeremy, and he was beaten with batons and tasered for several minutes. A neighbor from next door managed to help restrain Jeremy and calm him down. At this point, Jeremy was lying on the ground with his face touching the ground. The Deputies handcuffed Jeremy's wrists behind his back and pulled his ankles up at a 90 degree angle with the soles of his feet facing upwards and then proceeded to tie his ankles to his handcuffs in a "Hogtie" position. One of the Deputies put his knee on Jeremy's back. Jeremy complained that the officers were hurting him and that he couldn't breathe. The Officers continued to beat Jeremy with their batons and continued to taser him. Jeremy continued to scream that the deputies were hurting him. He also continued to complain that he couldn't breathe. Deputies noticed that as Jeremy's breathing became labored, he became unresponsive. After several minutes, the deputies un cuffed Jeremy and called paramedics. After several minutes passed, Paramedics arrived and attempted to provide CPR and lifesaving efforts. The Paramedics determined that Jeremy died at the scene. Jeremy's body was examined by Dr. Pietruscka, a private forensic pathologist retained by the Plaintiff, who determined that Jeremy died of cardiac arrest, secondary to asphyxiation (constriction of breathing).

## FIRST CAUSE OF ACTION

### (42 USC § 1983, Violation of Civil Rights under Color of Authority)

### As to All Defendants and Does 3-30

Plaintiffs re allege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full.

Defendants and DOES 3-30, inclusive, acting under Color of federal and State law, committed wrongful acts which proximately caused the death of Jeremy Spencer. Specifically, the defendants and DOES 3-30, inclusive, deprived Jeremy Spencer of his rights under the United States Constitution to be free from the use of excessive force by law enforcement and punishment without due process.

These acts resulted in the death of Jeremy Spencer.

By these acts, the defendants violated Jeremy Spencer's constitutional rights to be free from excessive force by law enforcement and punishment without due process of law, rights guaranteed under the Fourth and Fifth Amendments.

The Officers intentionally used excessive force against Jeremy Spencer. The force used was unreasonable and performed with a deliberate indifference to the safety and welfare of Jeremy Spencer.

The conduct resulted in a deprivation of Jeremy Spencer's rights alleged above, which has legally, proximately, foreseeably and actually caused Plaintiff to suffer emotional distress, pain and suffering, and further general and special damages according to proof at the time of trial

The conduct was done in deliberate or reckless disregard of decedent's and plaintiff's Constitutionally protected rights.; justifying the award of exemplary damages against defendants in an amount according to proof at the time of trial in order to deter the defendants from engaging in similar conduct and to make an example by way of monetary punishment. Plaintiffs are also entitled to attorney fees and costs of suit herein.

### SECOND CAUSE OF ACTION

### 42 USC §1983 - Failure to Train

(As to Defendants LOS ANGELES COUNTY, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and Does 3-30)

1. Plaintiffs re allege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full.

2. Defendants John Does 1 and 2 acted under color of law. The acts of Defendants John Does 1 and 2, deprived decedent and plaintiff of their particular rights under the United States Constitution.

3. On Information and Belief COUNTY and SHERIFF'S DEPARTMENT failed to properly and adequately train John Does 1 and 2, including but not limited to, with regard to the use of physical force, less than lethal force, and lethal force; and with regard to the treatment of persons who are suspected of having some type of mental illness.

4. The training policies of Defendant COUNTY and SHERIFF'S DEPARTMENT were not adequate to train its officers to handle the usual recurring situations with which they must deal, including the use of less than lethal and lethal force, and the treatment of persons who are suspected of having some type of mental illness.

5. Defendant COUNTY and SHERIFF'S DEPARTMENT were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

6. The failure of Defendant COUNTY and SHERIFF'S DEPARTMENT to provide adequate training caused the deprivation of PLAINTIFF's rights by Defendant John Does 1 and 2; that is, Defendants' failure to train is so closely related to the deprivation of PLAINTIFF's rights as to be the moving force that caused the ultimate injury.

7. By reason of the aforementioned acts and omissions, PLAINTIFF has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life

8. Accordingly, Defendants COUNTY and Does 3-30 each are liable to PLAINTIFF for compensatory damages under 42 U.S.C § 1983.

9. PLAINTIFF brings this claim both individually and as a successor-in-interest to DECEDENT. PLAINTIFF seeks survival damages, including for the nature and extent of decent's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as wrongful death damages under this claim. PLAINTIFF also seeks attorneys fees.

### THIRD CAUSE OF ACTION

**Excessive force in violation of the Fourth Amendment pursuant to 42 USC § 1983**

**(Against all Defendants and Does 3-30)**

Plaintiffs re allege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

Sheriff's Deputies used excessive force against Jeremy Spencer, by continuing to beat and taser Jeremy after he was hogtied and not a danger to the deputies or the public.

The use of excessive force by these defendants was clearly in violation of established law, and Sheriff's Department policy.

As a result of these defendants' use of excessive force, Plaintiffs suffered damages as alleged in this complaint.

### FOURTH CAUSE OF ACTION

**42 USC § 1983; Torture by Taser as a Violation of the Fourth Amendment**

**(As to all Defendants and Does 3-30)**

Plaintiffs re allege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

The repeated electrocution by Taser of Jeremy Spencer constituted excessive force under the Fourth Amendment to the Constitution.

This use of force was unnecessary and objectively unreasonable. Spencer was handcuffed and pinned to the ground when Officer tased him several times.

In plain language, the Officers' repeated application of electric shocks caused a heart attack, and a lack of oxygen for a prolonged period resulting in Jeremy Spencer's death

### FIFTH CAUSE OF ACTION

**42 USC § 1983; Wrongful Death (CCP 377.60)**

**(As to all Defendants and Does 3-30)**

Plaintiffs re allege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

Jeremy Spencer's death was caused, in whole or in part, by the conduct of defendants, who owed decedent and plaintiffs a duty to act without unreasonable risk of harm or death to others.

Defendants acted intentionally and/or negligently in causing the death of Jeremy Spencer. Under 42 USC § 1983, the Defendants are the Proper defendants for this cause of action. Jeremy Spencer is survived by his father, Don Spencer.

Monetary damages have resulted from Jeremy Spencer's death including but not limited to loss of support, autopsy and funeral expenses.

## SIXTH CAUSE OF ACTION

**42 USC § 1983 Assault and Battery**

**(As to all Defendants and Does 3-30)**

Plaintiffs re allege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

The Defendants, and each of them, acted with an intent to cause harmful or offensive conduct with the person of Jeremy Spencer and the intended harmful or offensive contact did in fact occur. Under the Federal Tort Claims Act and State law, the Defendants are the Proper Defendants for this cause of action.

The harmful or offensive contact was not privileged nor consented to and was excessive, unreasonable and done with deliberate indifference to the rights and safety of Jeremy Spencer and was done with the intent to inflict punishment, above and beyond the reason for using the force in the first place.

As a result of the Defendants' intent to cause harmful or offensive contact with the person of Jeremy Spencer and the fact that the intended harmful or offensive contact did in fact occur, Jeremy Spencer has suffered damages according to proof at the time of trial.

COUNTY and SHERIFF'S DEPARTMENT are vicariously liable for the wrongful acts of John Does 1 and 2 and all defendants pursuant to section 815.2(a) of the California GovernmentCode, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability. Defendants, and each of them, committed the aforementioned acts and omissions knowingly, willfully, maliciously and with the expressed intent to harm SPENCER and conscious or reckless disregard for the risk of death to SPENCER. By reason thereof, PLAINTIFF seeks punitive and exemplary damages from DEFENDANTS, in an amount according to proof at trial.

### SEVENTH CAUSE OF ACTION

**42 USC § 1983;Intentional Infliction of Emotional Distress**

**(As to all Defendants and Does 3-30)**

**42 USC § 1983**

Plaintiffs re allege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

By engaging in the acts alleged herein, the defendants engaged in outrageous conduct with an intent to cause or reckless disregard of the probability of causing Jeremy Spencer to suffer emotional distress. Under the Federal Torts Claims Act and State law, the Defendants are the Proper defendants for this cause of action.

As a direct, proximate and foreseeable result, Plaintiff, Don Spencer suffered severe emotional distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiffs

### EIGTH CAUSE OF ACTION

**Negligence- Wrongful Death and Survival;**

**C.C.P. §§377.30,§377.60 and C.C.P§ 377.61**

**(As to all Defendants and Does 3-30)**

Plaintiffs re allege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

9
COMPLAINT

\\

## PUNITIVE DAMAGES

The defendants, with respect to their actions as set forth in all causes of action, acted with malice, oppression and fraud; and with reckless indifference to the Constitutionally protected rights of Jeremy Spencer and his family, justifying punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

1. For general and special damages according to proof at the time of trial
2. For costs of suit and interest incurred herein;
3. For punitive damages;
4. For attorneys' fees; and
5. For injunctive or declaratory relief this court deems just and proper, including an injunction requiring the institution of appropriate supervision and prohibition of the unjustified use of force because of the arrestees' expression of complaints to cease and desist such conduct.

Dated: February 1, 2019

Respectfully submitted,

MARK STEPHEN SMITH, ESQ.

_____
THE COMMUNITY LAW GROUP LLC