1  Mark Stephen Smith, State Bar No. 158734
   **THE COMMUNITY LAW GROUP, LLC**
   444 West Ocean Boulevard, Suite 800
2  Long Beach, California 90802
   Telephone: (562) 437-3326
3  Facsimile: (562) 684-4311
   Email: thecommunitylawgroup@gmail.com
4
   Attorneys for Plaintiffs DON SPENCER, individually and
5  as Administrator of the Estate of JEREMY SPENCER;
   RACHAEL SPENCER, an individual; DRENEA SINGER,
6  an individual
7
8              **UNITED STATES DISTRICT COURT**
9             **CENTRAL DISTRICT OF CALIFORNIA**
10
11 DON SPENCER, individually and as          Case No.: 2:19-CV-00808-AB-PLA
   Administrator of the Estate of JEREMY
12 SPENCER; RACHAEL SPENCER, an              **NOTICE OF MOTION AND MOTION**
   individual; DRENEA SINGER, an             **FOR LEAVE TO FILE SECOND**
13 individual,                               **AMENDED COMPLAINT FOR**
                                             **DAMAGES; MEMORANDUM OF**
14                                           **POINTS AND AUTHORITIES AND**
                Plaintiffs,                  **DECLARATION OF MARK STEPHEN**
15                                           **SMITH IN SUPPORT THEREOF**
16      vs.
17 COUNTY OF LOS ANGELES, LOS                **Date:**     January 31, 2020
   ANGELES COUNTY SHERIFF'S                  **Time**:     10:00 a.m.
18 DEPARTMENT, a Municipal Entity,           **Location:**  United States District
   Deputies John Doe #1, John Doe #2,                      Courthouse
19 and DOES, 3-30,                                          350 West First Street
20                                                          Los Angeles, California 90012
21              Defendants.                  **Courtroom:** 7B
                                             **Judge:**    **Honorable Andre Birotte, Jr.**
22
23
24
25 **TO THE HONORABLE DISTRICT COURT JUDGE ANDRE BIROTTE, JR., TO**
26 **THE DEFENDANTS AND TO THEIR COUNSEL OF RECORD:**
27      **PLEASE TAKE NOTICE** that on January 31, 2020, at 10:00 a.m., in
28 Courtroom 7B of the above-referenced Court, Plaintiffs DON SPENCER,

individually and as Administrator of the ESTATE OF JEREMY SPENCER, RACHAEL SPENCER, an individual, and DRENEA SINGER, an individual, will move the Court for an order granting them leave to file a Second Amended Complaint in this action, pursuant to Federal Rules of Civil Procedure, Rule 15(a) and Rule 20(a).

This Motion is based on the attached Memorandum of Points and Authorities, the Declaration of Mark Stephen Smith, and on such other oral and documentary evidence as may be allowed by the Court at the hearing.

Dated: January 2, 2020.

THE COMMUNITY LAW GROUP, LLC

By: _____
MARK STEPHEN SMITH, ESQ.
Attorneys for Plaintiffs DON SPENCER,
individually and as Administrator of the Estate
of JEREMY SPENCER; RACHAEL SPENCER;
and DRENEA SINGER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION.

On _____, 2019, Plaintiff DON SPENCER, individually and as Administrator of the Estate of JEREMY SPENCER filed his initial Complaint in this action.   He subsequently filed his First Amended Complaint to cure defects contained in his first Complaint, pursuant to stipulation of all parties.

Plaintiff's counsel has now learned that the decedent, JEREMY SPENCER, was a married father at the time of his death.  Plaintiff has also learned the identities of those Defendants previously named as "Deputies John Doe #1 and John Doe #2." As such, Plaintiff moves to file the attached Second Amended Complaint to add the decedent's wife and adult child as Plaintiffs, to revise the Factual Allegations to accommodate those Plaintiffs, and to add party Defendants STEVEN AMENT and ROBERT GARAY, who are potentially independently liable to Plaintiffs, and who were previously identified as Doe Defendants, all in accordance with Federal Rule of Civil Procedure, Rule 15(a).  No new causes of action have been added.

### II.   FACTUAL BACKGROUND.

Decedent JEREMY SPENCER (hereinafter referred to as "Jeremy") was an honorably discharged United States Army veteran who, upon his return from active duty was diagnosed with post-traumatic stress disorder, ultimately deemed service connected disabled with psychosis.  In or around October of 2017, at the age of 48, Jeremy was also diagnosed with paranoid schizophrenia.  On two occasions prior to February 3, 2018, Jeremy's neighbors called the police because of his erratic conduct, and on both occasions the Los Angeles County Sheriff's Department sent deputies to Jeremy's home in response to these calls, and a mental health crisis team from the Los Angeles County Sheriff's Department were dispatched to Jeremy's home.

On February 3, 2018, two Deputies from the Los Angeles Police Department, who have now been identified as DEPUTY STEVEN AMENT and DEPUTY ROBERT GARAY (hereinafter sometimes referred to as "Deputies Ament and

---

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT FOR DAMAGES;
MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF MARK STEPHEN SMITH
*Spencer, et al. v. County of Los Angeles, et al. – USDC Case No. 2:19-CV-00808-AB-PLA*

Garay") observed Jeremy in the backyard of his residence. Without announcing themselves, Deputies Ament and Garay jumped over the fence leading into Jeremy's backyard, thus entering Jeremy's back yard without his permission or knowledge. As they approached Jeremy Spencer from behind, Deputies Ament and Garay told Jeremy to place his arms behind his back, and he complied. When a Deputy attempted to aggressively handcuff him, Jeremy became uncooperative. A fight ensued as both Deputies Ament and Garay attempted to restrain Jeremy. In the process, seven more Los Angeles County Sheriff's Department Deputies arrived, and Jeremy was beaten with batons and tasered for several minutes. As Jeremy was lying on his stomach on the ground with his face touching the ground, the Deputies handcuffed Jeremy's wrists behind his back and pulled his ankles up to a 90 degree angle with the soles of his feet facing upwards, and then proceeded to tie his ankles to his handcuffs in a "hogtie"hobble position. One of the Deputies put his knee on Jeremy's back and another Deputy put his knee on Jeremy's side. Jeremy complained that the Deputies were hurting him and that he couldn't breathe. The Deputies continued to beat Jeremy with their batons and continued to Taser him, after he was cuffed. Jeremy continued to scream that the Deputies were hurting him and continued to complain that he could not breathe. The Deputies noticed that Jeremy's breathing became labored, and he eventually became unresponsive. After several minutes of Jeremy lying on the ground motionless, the Deputies uncuffed Jeremy and called paramedics. After several minutes passed, Paramedics arrived and attempted to provide CPR and lifesaving efforts. The Paramedics determined that Jeremy died at the scene. A forensic pathologist concluded that Jeremy died of cardiac arrest, secondary to asphyxiation (constriction of breathing).

## III.    LEGAL ARGUMENT.

Rule 15 of the <u>Federal Rules of Civil Procedure</u> allows for a complaint to be freely amended one time before any responsive pleadings are filed by the opposition. After responsive pleadings are filed, as in this case, "a party may amend

the party's pleading only by leave of court or by written consent of the adverse party." <u>FRCP</u>, Rule 15(a).  The Court has discretion whether to grant leave, but Rule 15 specifically directs that "leave shall be freely given when justice so requires." <u>FRCP</u>, Rule 15(a).

Here, Plaintiffs' counsel was under the impression that Jeremy Spencer was unmarried at the time of his death. Further, he did not have authorization to include Jeremy Spencer's surviving wife and daughter as Plaintiffs in this case. Plaintiffs' counsel has now learned that the decedent was a married at the time of his death, and has received authorization to include Jeremy Spencer's wife and daughter as Plaintiffs in this case. Jeremy Spencer's wife and child have been damaged by the wrongful death of the decedent and must be named as Plaintiffs in this lawsuit.

Further, Plaintiffs' counsel has now learned, from receipt and review of the voluminous Incident Report, the true identities of the two Los Angeles County Sheriff Deputies previously named as Defendants "Deputies John Doe #1 and John Doe #2."  The true identities of these Doe Defendants are STEVEN AMENT and ROBERT GARAY.

Courts have liberally construed Rule 15 to mean that in absence of prejudice to the opposing party, leave to amend should be freely given. *Wyshak v. City Nat'l Bank*, 607 F.2d 824 (1979, CA9 Cal); *Holman v. Carpenter Technology Corp.*, 484 F.Supp. 406 (1970 ED Pa). The liberal approach to amendment of pleadings pursuant to Rule 15(a) is to promote the policy of deciding cases on merits, instead of on technicalities. *Phillips v. Borough of Keyport*, 179 FRD 140 (1998, DC NJ).  The Court generally considers factors such as delay, bad faith or dilatory motives prejudice to opposing party, and futility of amendment when considering whether a motion to amend should be granted. *United Assoc. of Journeymen & Apprentices, etc. v. Georgia Power Co.*, 684 F.2d 721 (1982, CA11 Ga).  Federal pleading requirements are extremely liberal, and the Rules are designed to minimize disputes over pleading

---

technicalities. <u>FRCP</u>, Rules 1 and 8(f); **see also**, *Conley v. Gibson* (1957) 355 U.S. 41, 47-48.

Plaintiffs' Second Amended Complaint, the original of which is attached hereto as Exhibit 1, simply adds the decedent's wife and child as Plaintiffs. Plaintiff's counsel lacked full knowledge of their status and authorization to include them in the lawsuit previously, when originally filing this case. In order to assure that decedent's family's claims are considered, these Plaintiffs need to be included in the Complaint. Lastly, the attached Second Amended Complaint replaces "Deputies John Doe #1 John Doe #2," with their true identities, namely, Defendants STEVEN AMENT and ROBERT GARAY.

Proposed Defendants DEPUTY STEVEN AMENT and DEPUTY ROBERT GARAY may be properly joined under Rule 20(a) of the Federal Rules of Civil Procedure. "All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." The requirements of Rule 20(a) are construed liberally in order to promote the broadest scope of action consistent with fairness to the parties. *League to Save Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977) Plaintiffs' claims against STEVEN AMENT and ROBERT GARAY meet the standards of Rule 20(a) for joining them as Defendants.

Amending the Complaint does not prejudice the Defendants in any way, as no cause of action have been added or amended. The case is still early in it's prosecution. Plaintiffs' intentions for amending the original (and first amended) Complaint are clearly not in bad faith or for the purposes of delay, but merely to include legitimate Plaintiffs and identify DOE Defendants in this lawsuit.

## IV. CONCLUSION.

------------------------------------------------------------
NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT FOR DAMAGES;
MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF MARK STEPHEN SMITH
*Spencer, et al. v. County of Los Angeles, et al.* – USDC Case No. 2:19-CV-00808-AB-PLA

Plaintiffs ask this Court for leave to amend their First Amended Complaint, pursuant to Rule 15(a) of the <u>Federal Rules of Court</u> and supporting case law, to name decedent's wife and child as Plaintiffs in this wrongful death matter, and to include the identities of two Doe Defendants.  As such, Plaintiffs request that this Court accept the attached Second Amended Complaint as filed.

Dated:  January 2, 2020.

THE COMMUNITY LAW GROUP, LLC

By:_____
MARK STEPHEN SMITH, ESQ.
Attorneys for Plaintiffs DON SPENCER,
individually and as Administrator of the Estate
of JEREMY SPENCER; RACHAEL SPENCER;
and DRENEA SINGER

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT FOR DAMAGES;
MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF MARK STEPHEN SMITH
*Spencer, et al. v. County of Los Angeles, et al. – USDC Case No. 2:19-CV-00808-AB-PLA*

## DECLARATION OF MARK STEPHEN SMITH

I, MARK STEPHEN SMITH, declare and say as follows:

1.      I am an attorney at law duly licensed to practice law in the State of California, and I am the attorney of record for Plaintiffs DON SPENCER, individually and as Administrator of the Estate of JEREMY SPENCER; RACHAEL SPENCER, an individual; and DRENEA SINGER, an individual, in the above-entitled matter.  The following facts are within my personal knowledge and, if called as a witness, I could and would competently testify thereto based upon my own personal knowledge of the same.

2.      When I initially interviewed Plaintiff DON SPENCER, father of Jeremy Spencer, deceased, the conversation was very emotional.  This father had just lost his son at the hands of Deputies of the Los Angeles County Sheriff's Department.  Mr. Spencer and I discussed his son's state of mind since returning from deployment, and the facts of what had occurred the day his son died.  At that time, Plaintiff Don Spencer was uncertain if Jeremy was married at the time of his death. Further, Although Plaintiff's counsel knew of the existence of Rachael Spencer and Jeremy Spencer's daughter Drenea Singer, he did not have authority to list them as Plaintiff's in the present lawsuit.  Since Mr. Spencer was handling all of his son's funeral arrangements and affairs, I assumed Jeremy was single, and filed the Complaint naming Mr. Spencer individually and as Administrator of Jeremy's estate, as I had no other authority from any other family members..

3.      I have now learned that Jeremy was still married at the time of his death. I have since received authorization to add both Rachael Spencer and Drenea Singer as Plaintiffs in this case.  I have thus amended the Complaint to name Jeremy's wife, RACHAEL SPENCER, and his adult child, DRENEA SINGER, as Plaintiffs in this wrongful death case, and attach that Second Amended Complaint as Exhibit 1 hereto.  This Second Amended Complaint does not add or change any causes of action contained within the First Amended Complaint.

4.      I recently received the County of Los Angeles Sheriff's Department Incident Report in this matter, and learned the true identities of Deputies John Doe #1 and John Doe #2 to be Deputy STEVEN AMENT and Deputy ROBERT GARAY.

5.      Amending the Complaint does not prejudice the Defendants in any way, as no cause of action have been added or amended.   My intentions for amending the original (and first amended) Complaint are clearly not in bad faith or for the purposes of delay, but merely to include legitimate Plaintiffs in this lawsuit.

6.      As such, I ask that this Court grant my clients leave to file the Second Amended Complaint attached hereto as Exhibit 1, and accept that Second Amended Complaint as filed.

I declare under penalty of perjury, pursuant to the laws of the United States of America and the State of California , and that the foregoing is true and correct and based upon my own personal knowledge of the same.  Executed this 2nd  day of January, 2020, at Long Beach, California.


MARK STEPHEN SMITH
Declarant

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT FOR DAMAGES;
MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF MARK STEPHEN SMITH
Spencer, et al. v. County of Los Angeles, et al. – USDC Case No. 2:19-CV-00808-AB-PLA

# EXHIBIT 1

1 | Mark Stephen Smith, State Bar No. 158734
**THE COMMUNITY LAW GROUP, LLC**
2 | 444 West Ocean Boulevard, Suite 800
Long Beach, California 90802
3 | Telephone: (562) 437-3326
Facsimile: (562) 684-4311
4 | Email: thecommunitylawgroup@gmail.com

5 | Attorneys for Plaintiffs DON SPENCER, individually and
as Administrator of the Estate of JEREMY SPENCER;
6 | RACHAEL SPENCER, an individual; DRENEA SINGER,
7 | an individual

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON SPENCER, individually and as Administrator of the Estate of JEREMY SPENCER; RACHAEL SPENCER, an individual; DRENEA SINGER, an individual, | Case No.: 2:19-CV-00808-AB-PLA |
| | **Honorable Judge Andre Birotte, Jr.** |
| Plaintiffs, | **SECOND AMENDED COMPLAINT FOR DAMAGES** |
| vs. | 1. Deprivation of Civil Rights under Color of Authority (42 USC §1983); |
| COUNTY OF LOS ANGELES, a Municipal Entity, DEPUTY STEVEN AMENT, an individual; DEPUTY ROBERT GARAY, an individual, and DOES, 3-30, | 2. Wrongful Death (CCP 377.60); 3. Assault and Battery; 4. Intentional Infliction of Emotional Distress; 5. Negligent Infliction of Emotional Distress; and, 6. *California Civil Code* §52.1 |
| Defendants. | **DEMAND FOR JURY TRIAL** |

        **COMES NOW**, Plaintiffs DON SPENCER, individually and as Administrator

of the ESTATE OF JEREMY SPENCER, RACHAEL SPENCER, an individual, and

DRENEA SINGER, an individual, by and through their attorney of record, Mark

Stephen Smith, who allege and complain as follows:

Page 1 of 13

---
**SECOND AMENDED COMPLAINT**
*Spencer, et al. v. County of Los Angeles, et al. – USDC Case No. 2:19-CV-00808-AB-PLA*

/ / /

# I.

## PARTIES

1.      Plaintiff DON SPENCER is, and at all times relevant herein was an individual residing in the County of Los Angeles, State of California, and Administrator of the Estate of JEREMY SPENCER.  DON SPENCER, RACHAEL SPENCER and DRENEA SINGER bring these causes of actions under both Federal and California State law.

2.      At all times relevant herein, Plaintiff DON SPENCER was the father, successor-in-interest and heir of Decedent JEREMY SPENCER.

3.      At all times relevant herein, Plaintiff RACHAEL SPENCER was an individual residing in the County of Bell, State of Texas, and was the spouse, successor-in-interest and heir of Decedent JEREMY SPENCER.

4.      At all times relevant herein, Plaintiff DRENEA SINGER was an individual residing in the County of Bell, State of Texas, and was the daughter, successor-in-interest and heir of Decedent JEREMY SPENCER.

5.      At all times relevant herein, Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT were and are municipal corporations organized and existing under the laws of the State of California, operating in the County of Los Angeles, State of California.

6.      At all times relevant herein, Defendants DEPUTIES STEVEN AMENT and ROBERT GARAY were and are law enforcement agents and employees of the COUNTY OF LOS ANGLES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, acting in the course and scope of said employment for such municipal corporation and under the color of state law.

7.      Plaintiffs are ignorant of the true names and capacities of DOES 3 through 30 inclusive, and/or are ignorant of the facts giving rise to their liability. Plaintiffs will amend this Second Amended Complaint once their identities have

**SECOND AMENDED COMPLAINT**
*Spencer, et al. v. County of Los Angeles, et al. – USDC Case No. 2:19-CV-00808-AB-PLA*

been ascertained, as well as the facts giving rise to their liability.

8.    Each Defendant was the agent, servant and employee of each of the other named Defendants and was acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer and each of the other named defendants.  Each of the Defendants had approved or ratified the actions of the other Defendants, thereby making the currently named Defendants liable for the acts and/or omissions of their agents, servants and/or employees.

## II.

## JURISDICTION/VENUE

9.    Jurisdiction is proper in the United States District Court for the Central District of California pursuant to 42 U.S.C. §1983(Federal Question) and 28 U.S.C. §1346(b)(1).

10.    This Court has supplemental jurisdiction over the pendant state law claims under 28 U.S.C. §1367 (a).

11.    Venue is proper in the Central District of California because the acts or omissions which form the basis of the Plaintiff's claims occurred in Lancaster, California, Los Angeles County.

## III.

## GOVERNMENT CLAIM REQUIREMENTS MET

12.    Plaintiffs' claims under *California Government Code* §910 were timely filed on August 1, 2018.  Said claims were denied by the County of Los Angeles on January 29, 2019.

## IV.

## FACTUAL ALLEGATIONS

13.    Decedent JEREMY SPENCER (hereinafter referred to as "Jeremy") was an honorably discharged United States Army veteran who, upon his return from

active duty was diagnosed with post-traumatic stress disorder. Jeremy was deemed service connected disabled with the psychosis. In or around October of 2017, at the age of 48, Jeremy was also diagnosed with paranoid schizophrenia. Jeremy began claiming that he saw Martians in his neighborhood; he thought that the people in his neighborhood were Martians, and began threatening certain neighbors with force to remove these neighbors from his neighborhood to defend himself and a fictional wife from Martians. Neighbors called the police because of Jeremy's conduct at or around this time, and Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT sent deputies to Jeremy's home twice prior to the incident in question in response to these calls. On the last call prior, a mental health crisis team from the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT came to Jeremy's home as well. As such, Defendants were on notice that Jeremy suffered from mental illnesses. Each time police or the mental health crisis team came to Jeremy's home, he would either not answer the door or he was not home.

14.     On February 3, 2018, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT DEPUTIES STEVEN AMENT and ROBERT GARAY observed Jeremy in the backyard of his residence. Those Deputies jumped over the fence leading into Jeremy's backyard. Prior to entering Jeremy's back yard, the Deputies did not announce themselves or indicate that they were in possession of a warrant. Thus, the Deputies entered Jeremy's back yard without Jeremy's permission or knowledge. They approached Jeremy from behind and told him to place his arms behind his back. Although Jeremy initially complied, when a Deputy attempted to aggressively handcuff him, Jeremy became uncooperative. Jeremy thought they were Gennies, and began to resist because of the roughness of the Deputies in attempting to handcuff him. A fight ensued as DEPUTIES STEVEN AMENT and ROBERT GARAY attempted to restrain Jeremy. In the process, seven more LOS ANGELES COUNTY SHERIFF'S DEPARTMENT Deputies arrived, and Jeremy was beaten with batons and tasered for several minutes. A neighbor from next door

SECOND AMENDED COMPLAINT
*Spencer, et al. v. County of Los Angeles, et al. – USDC Case No. 2:19-CV-00808-AB-PLA*

managed to help restrain Jeremy and calm him down.  At this point, Jeremy was lying on his stomach on the ground with his face touching the ground.  The LOS ANGELES COUNTY SHERIFF'S DEPARTMENT Deputies handcuffed Jeremy's wrists behind his back and pulled his ankles up to a 90 degree angle with the soles of his feet facing upwards, and then proceeded to tie his ankles to his handcuffs in a "hogtie" hobble position.  One of the Deputies put his knee on Jeremy's back and another Deputy put his knee on Jeremy's side.  Jeremy complained that the Deputies were hurting him and that he couldn't breathe.  The Deputies continued to beat Jeremy with their batons and continued to Taser him, after he was cuffed.  Jeremy continued to scream that the Deputies were hurting him and continued to complain that he could not breathe. One of the Deputies told Jeremy to "shut the f--k up".  The Deputies noticed that Jeremy's breathing became labored, and he eventually became unresponsive.  After several minutes of Jeremy lying on the ground motionless, the Deputies uncuffed Jeremy and called paramedics.  After several minutes passed, Paramedics arrived and attempted to provide CPR and lifesaving efforts.  The Paramedics determined that Jeremy died at the scene.  Jeremy's body was examined by Dr. Pietruscka, a private forensic pathologist retained by the Plaintiff, who determined that Jeremy died of cardiac arrest, secondary to asphyxiation (constriction of breathing).

## **FIRST CAUSE OF ACTION**

### **(42 USC §1983 - Violation of Civil Rights under Color of Authority)**

### **[As to All Defendants and Does 3-30]**

15.    Plaintiffs hereby incorporate by reference all of the allegations contained in paragraphs 1 through 14 of this Second Amended Complaint as though set in full herein.

16.    Defendants DEPUTIES STEVEN AMENT and ROBERT GARAY and DOES 3-30, inclusive, acting under Color of federal and State law, committed

wrongful acts which proximately caused the death of Jeremy Spencer. Specifically, DEPUTIES STEVEN AMENT and ROBERT GARAY and DOES 3-30, inclusive, deprived Jeremy Spencer of his rights under the United States Constitution to be free from the use of excessive force from law enforcement and punishment without due process.

17.    Plaintiffs are informed and believe and based thereon contend that the methods described herein used by Defendants, and each of them, were at worst done by said Defendants intentionally or at least in conscious disregard of Jeremy's clearly established statutory or constitutional rights of which a reasonable person would have known, including rights, privileges and immunities granted by the Fourth Amendment to the United States Constitution and were thus in violation of Title 42 United States Code §1983 and corresponding provisions of California law.

18.    These acts resulted in the death of Jeremy Spencer.

19.    By these acts, the Defendants violated Jeremy Spencer's constitutional rights to be free from excessive force by law enforcement and punishment without due process of law, rights of life and liberty guaranteed under the Fourth and Fifth Amendments.

20.    Defendants intentionally used excessive force against Jeremy Spencer. The force used was unreasonable and performed with a deliberate indifference to the safety and welfare of Jeremy Spencer.

21.    Defendants' conduct resulted in a deprivation of Jeremy Spencer's rights alleged above, which has legally, proximately, foreseeably and actually caused Jeremy Spencer's death and Plaintiffs to suffer emotional distress, pain and suffering, and further general and special damages according to proof at the time of trial.

22.    Defendants' conduct was done in deliberate or reckless disregard of Jeremy's and Plaintiffs' Constitutionally protected rights.; justifying the award of damages in an amount according to proof at the time of trial.  Plaintiffs are also

**SECOND AMENDED COMPLAINT**
*Spencer, et al. v. County of Los Angeles, et al. – USDC Case No. 2:19-CV-00808-AB-PLA*

entitled to attorney fees and costs of suit herein.

/ / /

/ / /

/ / /

**SECOND CAUSE OF ACTION**

**(Wrongful Death and Survivor's Claims (CCP §§377.60 and 377.61)**

**[As to all Defendants and Does 3-30]**

23.     Plaintiffs hereby incorporate by reference all of the allegations contained in paragraphs 1 through 22 of this Second Amended Complaint as though set in full herein.

24.     Plaintiffs are informed and believe and thereupon allege that Defendants, and each of them, willfully and unlawfully used force upon the person of Jeremy Spencer by beating him with batons and fists, tasering him, and allowing him to suffocate until he suffered a heart attack and died.

25.     Jeremy Spencer's death was caused, in whole or in part, by the conduct of Defendants, who owed Decedent and Plaintiffs a duty to act without unreasonable risk of harm or death to others.

26.     The conduct of Defendants, as described herein, was done within the course and scope of their employment, agency and/or service with Defendants COUNTY OF LOS ANGELES, the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, DEPUTIES STEVEN AMENT and ROBERT GARAY and/or DOES 10 through 20, under the color of their authority. As such, Defendants COUNTY OF LOS ANGELES and/or LOS ANGELES COUNTY SHERIFF'S DEPARTMENT are therefore vicariously liable for the same under *California Government Code* §§815.2, 815.3 and 820.

27.     The aforementioned acts of Defendants, and each of them, were done by them knowingly, intentionally, and maliciously, for the purpose of harassment, oppression and inflicting injury upon Jeremy Spencer, and in reckless, wanton and

callous disregard of his safety, security and civil rights.  Jeremy Spencer suffered extreme physical and mental pain prior to his horrible death.  As such, Plaintiffs claim exemplary and punitive damages from the individual Defendants in an amount according to proof at Trial, in excess of the jurisdictional minimum of this Court.

28.   Monetary damages have resulted from Jeremy Spencer's death including but not limited to loss of support, autopsy and funeral expenses.

### THIRD CAUSE OF ACTION

### (Assault and Battery (Government Code § 815.2(a))

### [As to all Defendants and Does 3-30]

29.   Plaintiffs hereby incorporate by reference all of the allegations contained in paragraphs 1 through 28 of this Second Amended Complaint as though set in full herein.

30.   Defendants, and each of them, acted with an intent to cause harmful or offensive conduct with the person of Jeremy Spencer and the intended harmful or offensive contact did in fact occur.  Under the State law, the Defendants are the proper Defendants for this cause of action.

31.   The harmful or offensive contact was not privileged, nor consented to and was excessive, unreasonable and done with deliberate indifference to the rights and safety of Jeremy Spencer and was done with the intent to inflict punishment, above and beyond the reason for using the force in the first place.

32.   As a result of the Defendants' intent to cause harmful or offensive contact with the person of Jeremy Spencer and the fact that the intended harmful or offensive contact did in fact occur, Jeremy Spencer has suffered damages according to proof at the time of Trial.

33.   The conduct of Defendants, as described herein, was done within the course and scope of their employment, agency and/or service with Defendants

COUNTY OF LOS ANGELES, the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, DEPUTIES STEVEN AMENT and ROBERT GARAY and/or DOES 10 through 20, under the color of their authority.  As such, Defendants COUNTY OF LOS ANGELES and/or LOS ANGELES COUNTY SHERIFF'S DEPARTMENT are therefore vicariously liable for the same under *California Government Code* §§815.2, 815.3 and 820.

34.     The aforementioned acts of Defendants, and each of them, were done by them knowingly, intentionally, and maliciously, for the purpose of harassment, oppression and inflicting injury upon Jeremy Spencer, and in reckless, wanton and callous disregard of his safety, security and civil rights.  Jeremy Spencer suffered extreme physical and mental pain prior to his horrible death.  As such, Plaintiffs claim exemplary and punitive damages from the individual Defendants in an amount according to proof at Trial, in excess of the jurisdictional minimum of this Court.

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### [As to all Defendants and Does 3-30]

35.     Plaintiffs hereby incorporate by reference all of the allegations contained in paragraphs 1 through 34 of this Second Amended Complaint as though set in full herein.

36.     The above-described acts of Defendants, and each of them, were outrageous, intentional, unlawful, malicious and committed for the express purpose of causing Decedent to suffer increased mental anguish and emotional and physical distress leading to his death, and represented conduct which goes beyond all possible bounds of decency.

37.     As a direct and proximate cause of the acts alleged herein, Decedent suffered severe bodily injury and death.  As a result, Plaintiffs have been deprived

---

SECOND AMENDED COMPLAINT
*Spencer, et al. v. County of Los Angeles, et al. – USDC Case No. 2:19-CV-00808-AB-PLA*

of the love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, as well as other benefits and assistance of Decedent.   Plaintiffs have also incurred autopsy, funeral and burial expenses. Plaintiffs are damaged as a proximate result of the aforesaid acts and omissions in an amount and manner to be shown according to proof at Trial.

38.   The aforementioned acts of the Defendants were willful, wanton, malicious and oppressive, and justify the award of exemplary damages as against the Defendants named herein.

## FIFTH CAUSE OF ACTION

**(Negligent Infliction of Emotional Distress - C.C.P. §§377.30, 377.60 and 377.61)**

**[As to all Defendants]**

39.   Plaintiffs hereby incorporate by reference all of the allegations contained in paragraphs 1 through 38 of this Second Amended Complaint as though set in full herein.

40.   Shortly following the subject incident which resulted in the death of JEREMY SPENCER, Plaintiffs became privy to the facts leading to their son, husband and father's death.  As a direct and proximate result of seeing and hearing of the events that caused the death of their son, husband and father, Plaintiffs have suffered and continue to suffer severe emotional distress, trauma, anguish, fright, horror, nervousness, grief, anxiety, worry and shock far beyond that with which an ordinary, reasonable person would be able to cope.

41.   Plaintiffs are informed and believe and allege thereon that it was the negligent conduct of Defendants as described above, that was the legal, direct and proximate cause of the severe emotional distress suffered by Plaintiffs.

42.   As a direct and proximate cause of the negligent acts alleged herein, Decedent suffered severe bodily injury and death.  As a result, Plaintiffs have been deprived of the love, affection, care, society, service, comfort, support, right to

support, companionship, solace or moral support, as well as other benefits and assistance of their son, husband and father.  Plaintiffs have also incurred autopsy, funeral and burial expenses.  Plaintiffs were damaged as a proximate result of the aforesaid acts and omissions in an amount and manner to be shown according to proof at Trial.

43.     As a direct, proximate and foreseeable result, Plaintiffs suffered serious emotional distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiffs.

### SIXTH CAUSE OF ACTION

#### (Violation of *Civil Code* §52.1)

#### [As to all Defendants]

44.     Plaintiffs hereby incorporate by reference all of the allegations contained in paragraphs 1 through 43 of this Second Amended Complaint as though set in full herein.

45.     Plaintiffs alleges that Defendants, and each of them, interfered with JEREMY SPENCER's exercise and enjoyment of his rights secured by the Constitution of the United States and the State of California, including interference with his right to be secure in his person and free from the use of excessive force and the right of protection from bodily restraint and harm.

46.     As a result of the aforesaid conduct of Defendants, and each of them, and the resultant death of JEREMY SPENCER, Plaintiffs have sustained damages resulting from the loss of love, affection, society, service, comfort, support, right of support, expectations of future support and counseling, companionship, solace and mental support, as well as other benefits and assistance of the Decedent, all to their general damages.

47.     As a direct and proximate result of the aforesaid conduct of the Defendants, and each of them, and the resultant death of JEREMY SPENCER,

---

Plaintiffs will be deprived of the support, right to support and assistance of Decedent, and have incurred autopsy, funeral and burial expenses.

/ / /

/ / /

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray as follows:

1.    For general and compensatory damages in an amount according to proof at the time of Trial;

2.    For exemplary and punitive damages against each Defendant other than the County of Los Angeles and Los Angeles County Sheriff's Department, in an amount according to proof;

3.    For autopsy, funeral and burial expenses;

4.    For statutory damages, including damages pursuant to *California Civil Code* §§52(b)(2), 52(b)(3) and 52.1(b);

5.    For costs of suit and interest incurred herein;

6.    For attorneys' fees; and

7.    For such other and further relief as this Court deems just and proper.

Dated:  January 2, 2020.

THE COMMUNITY LAW GROUP, LLC

By: _____
MARK STEPHEN SMITH, ESQ.
Attorneys for Plaintiffs DON SPENCER, individually and as Administrator of the Estate of JEREMY SPENCER; RACHAEL SPENCER; and DRENEA SINGER

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a Trial by jury.

Dated:  January 2, 2020.

THE COMMUNITY LAW GROUP, LLC

SECOND AMENDED COMPLAINT
*Spencer, et al. v. County of Los Angeles, et al. – USDC Case No. 2:19-CV-00808-AB-PLA*

1

2

3    By: _____

     MARK STEPHEN SMITH, ESQ.

4    Attorneys for Plaintiffs DON SPENCER,
     individually and as Administrator of the Estate

5    of JEREMY SPENCER; RACHAEL SPENCER;
     and DRENEA SINGER

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT
*Spencer, et al. v. County of Los Angeles, et al.* – USDC Case No. 2:19-CV-00808-AB-PLA