COLLINSON, DAEHNKE, INLOW & GRECO
Laura E. Inlow, Esq., State Bar No. 130584
Email: laura.inlow@cdiglaw.com
21515 Hawthorne Blvd., Suite 800
Torrance, CA 90503
Telephone: (424) 212-7777/Facsimile: (424) 212-7757

Attorneys for Defendants, COUNTY OF LOS ANGELES, ROBERT GARAY and STEVEN AMENT

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

DON SPENCER, individually and as administrator of the estate of JEREMY SPENCER; RACHAEL SPENCER, an individual; and DRENEA SINGER, an individual,

Plaintiff,

v.

COUNTY OF LOS ANGELES, A MUNICIPAL ENTITY, DEPUTY ROBERT GARAY, DEPUTY STEVEN AMENT and DOES 3 through 30,

Defendants.

CASE NO. 19-cv-808-AB (PLAx)

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

[Filed Concurrently with Statement of Uncontroverted Facts, Exhibits, Declaration of Laura E. Inlow; Request for Judicial Notice and [Proposed] Order]

Date: December 18, 2020
Time: 10:00 a.m.
Dept.: 10A

Action Filed: February 4, 2019
Trial Date: August 3, 2021

TO THE HONORABLE COURT, PLAINTIFFS AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on December 18, 2020 at 10:00 a.m. in

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

Courtroom 7B of the United States District Court, located at 350 W. 1st Street, Los Angeles, California 90012, defendants COUNTY OF LOS ANGELES, ROBERT GARAY, and STEVEN AMENT will and hereby do move the Court for an order granting their Motion for Summary Judgment or, in the alternative, Motion for Partial Summary Judgment pursuant to *Federal Rules of Civil Procedure*, Rule 56.

This motion is based on the grounds that as to plaintiff Don Spencer, as an individual, all causes of action in the Second Amended Complaint (Docket Document No. 44) fail as a matter of law. Moreover, the claims of all plaintiffs against the County of Los Angeles fail as a matter of law. Specifically, defendants move for partial summary judgment on the following bases:

1) All plaintiffs lack standing for the civil rights claims under 42 U.S.C. § 1983,

2) Plaintiff Don Spencer lacks standing for the derivative claims of wrongful death, assault and battery, and violations of the Bane Act,

3) The intentional infliction of emotional distress claim fails as a matter of law as to plaintiff Don Spencer, and

4) The negligent infliction of emotional distress claim fails as a matter of law as to plaintiff Don Spencer.

This motion shall be supported by this Notice, the attached Memorandum of Points and Authorities, the Statement of Uncontroverted Facts and Law, the declaration of Laura E. Inlow, the attached Exhibits, the Request for Judicial Notice and upon all papers and pleadings on file herein.

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

**MEET AND CONFER COMPLIANCE**

The parties met and conferred regarding the instant motion on August 17, 2020 and thereafter. During the meet and confer process an agreement was reached to dismiss the state law claims of plaintiffs Rachael Spencer and Drenea Singer (Docket Document Nos. 58 and 59), but the parties were unable to reach an agreement as to the balance of the issues raised herein, thus necessitating the instant motion.

DATED: November 12, 2020 COLLINSON, DAEHNKE, INLOW & GRECO

By:

*Laura E. Inlow*

Laura E. Inlow, Esq.
Attorneys for Defendants
COUNTY OF LOS ANGELES, ROBERT GARAY and STEVEN AMENT

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

# TABLE OF CONTENTS

I. INTRODUCTION AND UNDISPUTED FACTS ....................................................4

II. AUTHORITY FOR MOTION ....................................................5

III. NONE OF THE PLAINTIFFS CAN ASSERT ANY FEDERAL OR STATE LAW SURVIVOR CLAIMS ON BEHALF OF JEREMY SPENCER ....................................................7

A. Plaintiffs Failed to Comply with CCP Section 377.32 ....................................................7

B. Don Spencer Lacks Standing Under CCP Section 377.60 ....................................................10

IV. DON SPENCER'S CLAIMS FOR IIED AND NIED FAIL ....................................................12

A. These Causes of Action were not Included in Spencer's Tort Claim ....................................................12

B. The Intentional Infliction of Emotional Distress Claim Fails ....................................................13

C. The Negligent Infliction of Emotional Distress Claim Fails ....................................................14

V. CONCLUSION ....................................................15

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

# TABLE OF AUTHORITIES

Cases

*Adickes v. S.H. Kress & Co.* (1970) 398 U.S. 144, 157 ........ 6

*Alcorn v. Ambro Engineering, Inc.,*2 Cal.3d 493, 499 (1970) ........ 13

*Barrett v. Superior Court*, 222 Cal. App. 3rd 1176, 1185 (1990) ........ 10

*Celotex Corp v. Catrett* (1986) 477 U.S. 317, 323 ........ 6

*Christensen v. Sup. Ct.*, 54 Cal.3d 868 (1991) ........ 13

*Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982) ........ 13

*Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ........ 6

*Fall River Joint Unified School Dist. v. Superior Court*, 206 Cal.App.3d 431 (1988) ........ 12

*Fletcher v. Western Nat. Life Ins. Co.*, 10 Cal.App.3d 376, 397 (1970) ........ 13

*Fortman v. Förvaltningsbolaget Insulan AB*, 212 Cal.App.4th 830, 836 (2013) ........ 14

*Fortyune v. American Multi- Cinema, Inc*., 364 F. 3d 1075, 1080 (9th Cir. 2004) ........ 6

*FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 117 (9th Cir. 1996) ........ 7

*Hata v. Los Angeles County Harbor/UCLA Med. Ctr.*, 31 Cal.App.4th 1791 (1995) ........ 13

*Hayes v. County of San Diego*, *supra*, 736 F. 3d at 1228 ........ 8

*Hazelwood v. Hazelwood*, 57 Cal.App.3d 693, 697-698 (1976) ........ 11

*Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1041 (9th Cir. 1999) ........ 8

*Keiper v. Victor Valley Transit Auth.*, 2015 U.S. Dist. LEXIS 82870, *14-*15 (C.D. Cal. June 25, 2015) ........ 9

*Lattimore v. Dickey*, 239 Cal.App.4th 959, 968 (2015) ........ 10

*Marks v. U.S.*, 578 F.2d 261, 263 (9th Cir. 1978) ........ 7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* (1986) 475 U.S. 574, 586 ........ 6

*McKinney v. Singh*, 2015 U.S. Dist. Lexis 115692, *3-*5 (E.D. Cal. Aug. 31, 2015) ........ 9

*Melorich Builders, Inc. v. Sup. Ct.*, 160 Cal.3d 931, 936 (1984) ........ 13

*Molien v. Kaiser Foundation Hospitals*, 27 Cal.3d 916, 928 (1980) ........ 14

*Moreland v. Las Vegas Metro. Police Dept.,* 159 F.3d 365, 370 (9th Cir. 1998) ........ 8

*Perry v. Medina*, 192 Cal.App.3d 603, 610 (1987) ........ 11

*Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1264 (2006) ........ 10

*Scott v. Harris* (2007) 550 U.S. 372, 380 ........ 7

*Smith v. City of Fontana*, 818 F.2d 1411, 1417 (9th Cir. 1987) ........ 7

*Tatum v. City & Cnty. of San* Francisco, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006) ........ 8

*Thing v. La Chusa*, 48 Cal.3d 644, 647 (1989) ........ 14

Other Authorities

CCP § 337.32(a) ........ 15

CCP § 377.30 ........ 8

CCP § 377.32(a) ........ 8

CCP § 377.60 ........ 10, 11, 12, 15

*Code of Civil Procedure* (CCP) § 377.20 ........ 8

*FRCP* 56 (c) ........ 6

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND UNDISPUTED FACTS

Plaintiffs' decedent, Jeremy Spencer, died following an altercation with members of the Los Angeles County Sheriff's Department on February 3, 2018. (Undisputed Material Fact "UMF" No. 1). Plaintiff Don Spencer was not present at the time of the altercation or death of Jeremy Spencer. (UMF 2). Only plaintiff Don Spencer submitted a Government Tort Claim to the County of Los Angeles. His tort claim alleges only the following damage or injury: "The claimant's son, Jeremy Spencer was handcuffed, tasered and beaten excessively while cuffed by Los Angeles County Sheriff's Deputies. He died during this process." (UMF 3). Plaintiff Don Spencer, the father of Jeremy Spencer, as an individual and purportedly as the Estate Administrator, filed suit against the County of Los Angeles on February 6, 2019 for the wrongful death of his adult son. (UMF 4). Don Spencer and the Estate filed a First Amended Complaint on March 30, 2019. (UMF 5).

On January 26, 2020, plaintiffs filed a Second Amended Complaint (SAC) alleging a single federal cause of action for excessive force under 42 U.S.C. § 1983, as well as state claims for wrongful death, assault and battery, intentional and negligent infliction of emotion distress (IIED and NIED) and a violation of the Bane Act. The SAC also added Deputies Ament and Garay as defendants and

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

decedent's wife, Rachael Spencer, and adult daughter, Drenea Singer, as plaintiffs. (UMF 6). Defendants answered the SAC on March 23, 2020. (UMF 7). All state law claims have been dismissed as to plaintiffs Rachael Spencer and Drenea Singer for their failure to submit a Government Tort Claim. (UMF 8). Neither the Original, First Amended nor Second Amended Complaint references compliance with California *Code of Civil Procedure* § 377.32. (UMF 9).

On February 3, 2018, plaintiff Don Spencer was the father of the adult decedent. (UMF 10). On February 3, 2018, plaintiff Rachael Spencer was the legal spouse of the decedent and plaintiff Drenea Singer was his only child. (UMF 11). Plaintiff Don Spencer was not financially dependent on Jeremy Spencer at the time of his death. In contrast, Don Spencer contributed to the financial support of Jeremy Spencer. (UMF 12). Don Spencer has incurred no medical or psychiatric treatment arising out of the death of his son. (UMF 13).

The SAC asserts no *Monell* cause of action as to the County of Los Angeles. (UMF 14). The SAC asserts no cause of action under the Fourteenth Amendment for interference with familial integrity. (UMF 15). The last day to hear motions seeking to amend the pleadings was almost a year ago on January 17, 2020. (UMF 16).

## II. AUTHORITY FOR MOTION

Summary judgment or partial summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

moving party is entitled to judgment as a matter of law. FRCP 56(c); *Adickes v. S.H. Kress & Co*. (1970) 398 U.S. 144, 157; *Fortyune v. American Multi- Cinema, Inc*., 364 F. 3d 1075, 1080 (9th Cir. 2004). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file." *Celotex Corp v. Catrett* (1986) 477 U.S. 317, 323.

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id*. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The moving party has no burden to negate or disprove matters on which the non-moving party has the burden of proof at trial but need only point out to the Court through argument an absence of evidence to support the non-moving party's case. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

The opposing party may not rely upon mere allegations or denials in its pleadings but is required to tender evidence of specific facts in the form of affidavits and/or admissible discovery material, in support of its contention that the dispute exists. *FRCP* 56 (c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* (1986) 475 U.S. 574, 586. The "purpose of summary judgment is to 'pierce the

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Id*. at 587. To demonstrate a genuine issue, the opposing party "must do more than simply show that there is a mere metaphysical doubt as to the material facts…Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party there is no 'genuine issue for trial." *Id.*; *Scott v. Harris* (2007) 550 U.S. 372, 380. Conclusory allegations unsupported by factual data will not create a triable issue of fact allowing a party to survive a summary judgment motion. *Marks v. U.S.*, 578 F.2d 261, 263 (9th Cir. 1978); *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 117 (9th Cir. 1996).

## III. NONE OF THE PLAINTIFFS CAN ASSERT ANY FEDERAL OR STATE LAW SURVIVOR CLAIMS ON BEHALF OF JEREMY SPENCER

### A. Plaintiffs Failed to Comply with CCP Section 377.32

In the first cause of action, Plaintiffs assert a federal survivor wrongful death claim under the Fourth Amendment for the use of excessive force on the decedent.[1] Fourth Amendment rights may not be vicariously asserted; they are personal to the decedent. *Smith v. City of Fontana*, 818 F.2d 1411, 1417 (9th Cir. 1987). The general rule is that "only the person whose [personal] rights were violated can sue

[1] While the SAC also references the Fifth Amendment, it is well-established that excessive force claims are analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386 (1989).

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

to vindicate those rights." *Moreland v. Las Vegas Metro. Police Dept.,* 159 F.3d 365, 370 (9th Cir. 1998).

In §1983 actions, however, survivors of a deceased individual whose rights were violated before death may assert these personal claims on the decedent's behalf, but only if the relevant state's law permits such an action. *Smith, supra,* at 1417 (overruled on other grounds in *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1041 (9th Cir. 1999)).

In California, *Code of Civil Procedure* (CCP) § 377.20 authorizes a survival cause of action which survives the decedent's death. Under CCP § 377.30, a survival claim passes to the decedent's successor in interest (subject to *Probate Code* § 7000, et seq.) and an action for such a claim may be commenced by the decedent's personal representative. *Tatum v. City & Cnty. of San* Francisco, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006); *see also, Hayes v. County of San Diego*, 736 F. 3d 1223, 1228 (9th Cir. 2013). The requirements to proceed as the successor in interest are set forth in CCP § 377.32(a) which states:

> The person who seeks to commence an action or proceeding or to continue a pending action or proceeding as the decedent's successor in interest under this article, *shall* execute and file an affidavit or a declaration under penalty of perjury under the laws of this state stating all of the following:
>
> (1) The decedent's name.
>
> (2) The date and place of the decedent's death.
>
> (3) "No proceeding is now pending in California for administration of the decedent's estate."

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

> (4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.
>
> (5) Either of the following, as appropriate, with facts in support thereof:
>
> (A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."
>
> (B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."
>
> (6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding."
>
> (7) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct." (Emphasis added)

The requirements of CCP § 377.32 are mandatory, and they cannot be disregarded. Plaintiffs have the burden of establishing standing under California's survival statute. *Tatum, supra,* 441 F.3d at 1094 n.2; *Moreland, supra,* 159 F.3d at 369. Indeed, this court in *Keiper v. Victor Valley Transit Auth.*, 2015 U.S. Dist. LEXIS 82870, *14-*15 (C.D. Cal. June 25, 2015), emphasized that "federal courts have dismissed claims brought by successors in interest where the plaintiff fails to allege facts or attach documents to the complaint showing compliance with [Section 377.32]." *See also*, *McKinney v. Singh*, 2015 U.S. Dist. Lexis 115692, *3-*5 (E.D. Cal. Aug. 31, 2015) (survivor claims dismissed with prejudice for failure

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

to comply with Section 377.32). Here, the SAC is wholly silent as to any compliance by any plaintiff with the requirements of CCP 377.32. Moreover, no documents were attached to the SAC establishing compliance with the requisite declaration.

B. Don Spencer Lacks Standing Under CCP Section 377.60

In addition to the federal survival claim, plaintiff Don Spencer pursues state law survival claims in the second (wrongful death), third (assault and battery), and sixth (Bane Act) causes of action in the SAC.[2] Under California law, "a survivor cause of action is not a new cause of action that vests in the heirs on the death of the decedent. It is instead a separate and distinct cause of action which belonged to the decedent but, by statute, survives that event." *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1264 (2006). A wrongful death claim is purely statutory in nature, and therefore, "exists only so far and in favor of such person as the legislative power may declare." *Barrett v. Superior Court*, 222 Cal. App. 3rd 1176, 1185 (1990). The elements of the cause of action for wrongful death are the tort, the resulting death, and pecuniary loss damages suffered by the *heirs*. *Lattimore v. Dickey*, 239 Cal.App.4th 959, 968 (2015) (italics in original).

In California, CCP § 377.60 establishes who may file a lawsuit for the wrongful death of another in pertinent part as follows:

---

[2] The state law claims of both Rachael Spencer and Drenea Singer have already been dismissed. (Docket Document No. 59).

A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf:

> (a) The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession….
>
> (b) (1) Whether or not qualified under subdivision (a), if they were dependent on the decedent, the putative spouse, children of the putative spouse, stepchildren, parents, or the legal guardians of the decedent if the parents are deceased.

For the purposes of this section, dependence refers to financial support rather than emotional support. *Hazelwood v. Hazelwood*, 57 Cal.App.3d 693, 697-698 (1976) [interpreting predecessor statute]). An individual is a dependent if, at the time of the decedent's death, the individual was actually dependent on the decedent for "the necessaries of life." *Id.* at 698. Mere financial support that makes available to the individual some of the "niceties of life" that the individual might not otherwise have been able to afford is insufficient to establish dependence. *Perry v. Medina*, 192 Cal.App.3d 603, 610 (1987).

Here, decedent Jeremy Spencer had a spouse (Rachael) and child (Drenea) at the time of his death. They would have been authorized by CCP § 377.60 to bring survival claims, but their state law claims have been dismissed as they never submitted Government Tort Claims. As to Don Spencer, he is not a qualified heir under CCP 377.60 for two reasons: 1) he is a parent of a decedent with a spouse

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

and child, and 2) because he was not financially dependent on his son in February of 2018. (UMF 12).

Accordingly, none of the plaintiffs have standing to bring the state or federal survival claims as successors in interest. Specifically, plaintiffs lack standing to assert the survival claims because all plaintiffs have failed to submit the requisite CCP § 377.32 successor in interest declaration. There is no authority permitting a plaintiff to file the requisite declaration after the statute of limitations has passed.[3] Moreover, plaintiff Don Spencer lacks standing under CCP § 377.60. Therefore, none of the plaintiffs should be allowed to maintain any causes of action in the SAC and the SAC must be dismissed with prejudice.

## IV. DON SPENCER'S CLAIMS FOR IIED AND NIED FAIL

### A. These Causes of Action were not Included in Spencer's Tort Claim

If the plaintiff is relying on more than one legal theory of recovery, "each cause of action [in a complaint] must be reflected in a timely claim." *Fall River Joint Unified School Dist. v. Superior Court*, 206 Cal.App.3d 431 (1988). If the complaint alleges a factual basis for recovery that is not fairly reflected in the written claim, the complaint is subject to a dispositive motion. *See, Hata v. Los*

[3] The Supreme Court in *Wilson v. Garcia*, 471 U.S. 261, 280 (1985) (superseded by 28 U.S.C. § 1658 as to claims not brought in this case; see *Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 378 (2004)), held that §1983 claims "are best characterized as personal injury actions." The Ninth Circuit has recognized that the statute of limitations for personal injury actions in California is two years. *Hacienda Valley Mobile Estates v. City of Morgan Hill,* 353 F.3d 651, 655 n.2 (9th Cir. 2003).

*Angeles County Harbor/UCLA Med. Ctr*., 31 Cal.App.4th 1791 (1995). Here, Don Spencer's claim is wholly silent as to any claims for negligence or injury to himself as the claim alleges only the wrongful death of Jeremy Spencer. (UMF 3). As such, the claims for IIED and NIED fail as to plaintiff Don Spencer.

B. The Intentional Infliction of Emotional Distress Claim Fails

Moreover, to sustain a claim for IIED, plaintiff must show outrageous conduct by the defendant with the intent to cause emotional distress *and* plaintiff must have suffered severe emotional distress. *Christensen v. Sup. Ct.*, 54 Cal.3d 868 (1991). "Outrageous conduct" has been described as "conduct so extreme as to exceed all bounds of that usually tolerated in the civilized community" *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982), or "that which is atrocious and utterly intolerable." *Melorich Builders, Inc. v. Sup. Ct.*, 160 Cal.3d 931, 936 (1984). Outrageousness is a question of law determined at the outset by the court. *Alcorn v. Ambro Engineering, Inc.,*2 Cal.3d 493, 499 (1970).

Here, plaintiff has not alleged any facts which show an *intent* on the part of these defendants to cause *him* emotional distress. Moreover, the claimed emotional distress is not of the requisite severity and "of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." *Fletcher v. Western Nat. Life Ins. Co.*, 10 Cal.App.3d 376, 397 (1970).

//

//

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

C. The Negligent Infliction of Emotional Distress Claim Fails

The doctrine of "negligent infliction of emotional distress" is not a separate tort or cause of action. It simply allows certain persons to recover damages for emotional distress only on a negligence cause of action even though they were not otherwise injured or harmed. CACI 1621; *Molien v. Kaiser Foundation Hospitals*, 27 Cal.3d 916, 928 (1980). A "bystander" case is one in which a plaintiff seeks recovery for damages for emotional distress suffered as a percipient witness of an injury to another person. "In the absence of physical injury or impact to the plaintiff himself, damages for emotional distress should be recoverable only if the plaintiff: (1) is closely related to the injury victim, (2) is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim and, (3) as a result suffers emotional distress beyond that which would be anticipated in a disinterested witness." *Thing v. La Chusa*, 48 Cal.3d 644, 647 (1989). To satisfy the second *Thing* requirement "the plaintiff must experience a contemporaneous sensory awareness of the causal connection between the defendant's infliction of harm and the injuries suffered by the close relative." *Fortman v. Förvaltningsbolaget Insulan AB*, 212 Cal.App.4th 830, 836 (2013).

Here, it is undisputed that plaintiff Don Spencer was not present at the incident on February 3, 2018. As he was not present at the scene of the injury-

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

producing event and had no contemporaneous sensory awareness of any connection between the defendants' actions and an injury to Jeremy Spencer, this cause of action fails as a matter of law and should be dismissed with prejudice.

## V. CONCLUSION

As to Rachael Spencer and Drenea Singer, the only remaining cause of action is the 1983 claim for wrongful death due to excessive force. This claim fails as neither plaintiff submitted the requisite declaration under CCP § 337.32(a). The federal claim fails as to plaintiff Don Spencer for the same reason. Additionally, all the state law claims fail as to Don Spencer. The derivative claims for wrongful death, assault and battery, and a violation of the Bane Act fail because he failed to submit the requisite declaration and because he is not an heir pursuant to CCP § 377.60. Moreover, Don Spencer's NIED and IIED claims fail as they were not included in his Government Tort Claim. The direct claim for NIED also fails as a matter of law as Don Spencer was not present at the scene of his son's death. Finally, the IIED claim fails as there was no intent to harm Don Spencer and he has not suffered extreme emotional distress.

///

///

///

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

Thus, defendants respectfully request that all causes of action be dismissed as to all defendants with prejudice, judgment be entered for defendants, and defendants be entitled to recover their allowable costs.

DATED: November 12, 2020 COLLINSON, DAEHNKE, INLOW & GRECO

By:
*Laura E. Inlow*
Laura E. Inlow, Esq.
Attorneys for Defendants
COUNTY OF LOS ANGELES, ROBERT GARAY and STEVEN AMENT

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

**DECLARATION OF LAURA E. INLOW**

1. I, Laura Inlow, am a partner of Collinson, Daehnke, Inlow & Greco, counsel of record for defendants herein. I make the following declaration based on my own personal knowledge. I could and would competently testify under oath to the facts stated herein.

2. Plaintiffs' counsel and I started meeting and conferring on the instant motion on August 17, 2020. During the meet and confer process an agreement was reached to dismiss the state law claims of plaintiffs Rachael Spencer and Drenea Singer as they had never submitted a Government Tort Claim. The court has signed the Order dismissing their state law claims in Docket Document Nos. 58 and 59. The parties were unable to reach an agreement as to the balance of the issues raised herein.

3. True and correct copies of the pertinent portions of the deposition of plaintiff Don Spencer taken on July 1, 2020 are attached hereto as Exhibit A.

4. A true and correct copy of the Government Tort Claim submitted by plaintiff Don Spencer is attached hereto as Exhibit B.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 12th day of November 2020 in Torrance, California.

*Laura E. Inlow*
Laura E. Inlow