COLLINSON, DAEHNKE, INLOW & GRECO
Laura E. Inlow, Esq., State Bar No. 130584
Email: laura.inlow@cdiglaw.com
21515 Hawthorne Blvd., Suite 800
Torrance, CA  90503
Telephone: (424) 212-7777/Facsimile: (424) 212-7757

Attorneys for Defendants, COUNTY OF LOS ANGELES, ROBERT GARAY and STEVEN AMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DON SPENCER, individually and as administrator of the estate of JEREMY SPENCER; RACHAEL SPENCER, an individual; and DRENEA SINGER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, A MUNICIPAL ENTITY, DEPUTY ROBERT GARAY, DEPUTY STEVEN AMENT and DOES 3 through 30,<br><br>Defendants. | CASE NO. 19-cv-808-AB (PLAx)<br><br>**DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS AND CONCLUSIONS OF LAW**<br><br>[Filed Concurrently with Motion for Summary Judgment, Request for Judicial Notice, Exhibits, Declaration and (Proposed) Order]<br><br>Date:   December 18, 2020<br>Time:  10:00 a.m.<br>Dept.:  10A<br><br>Action Filed: February 4, 2019<br>Trial Date: August 3, 2021 |

Defendants COUNTY OF LOS ANGELES, ROBERT GARAY and STEVEN AMENT respectfully submit this Separate Statement of Uncontroverted Facts and Conclusions of Law in support of their Motion for Summary Judgment or, in the alternative, Motion for Partial Summary Judgment pursuant to Rule 56 of

the *Federal Rules of Civil Procedure.*

## FACTS COMMON TO ALL CAUSES OF ACTION

| Uncontroverted Material Facts and Supporting Evidence | Plaintiff's Responses and Supporting Evidence |
|---|---|
| 1. Plaintiffs' decedent, Jeremy Spencer, died following an altercation with members of the Los Angeles County Sheriff's Department on February 3, 2018.<br><br>[Plaintiffs' Second Amended Complaint (SAC), Docket Document No. 44, ¶ 14] | |
| 2. Plaintiff Don Spencer was not present at the time of the altercation or death of Jeremy Spencer.<br><br>[Exhibit A, Deposition of Plaintiff Don Spencer, 100:17-25] | |
| 3. Only plaintiff Don Spencer submitted a Government Tort Claim to the County of Los Angeles. His tort claim alleges only the following damage or injury: "The claimant's son, Jeremy Spencer was handcuffed, tasered and beaten excessively while | |

| | | |
|---|---|---|
| 1 2 3 4 | cuffed by Los Angeles County Sheriff's Deputies. He died during this process." | |
| 5 6 | [Exhibit B, Don Spencer's Government Tort Claim] | |
| 7 8 9 10 11 12 13 14 | 4. Plaintiff Don Spencer, the father of Jeremy Spencer, as an individual and purportedly as the Estate Administrator, filed suit against the County of Los Angeles on February 6, 2019 for the wrongful death of his adult son. | |
| 15 16 | [Original Complaint, Docket Document No. 7] | |
| 17 18 19 20 | 5. Don Spencer and the Estate filed a First Amended Complaint on March 30, 2019. | |
| 21 22 | [First Amended Complaint, Docket Document No. 16] | |
| 23 24 25 26 27 | 6. On January 26, 2020, plaintiffs filed a Second Amended Complaint (SAC) alleging a single federal cause of action for excessive force under 42 U.S.C. § 1983, as well as state claims | |
| 28 | | |

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

-3-
**DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| for wrongful death, assault and battery, intentional and negligent infliction of emotion distress (IIED and NIED) and a violation of the Bane Act. The SAC also added Deputies Ament and Garay as defendants and decedent's wife, Rachael Spencer, and adult daughter, Drenea Singer, as plaintiffs.<br><br>[SAC, Docket Document No. 44] | |
| 7. Defendants answered the SAC on March 23, 2020.<br><br>[Defendants' Answer to SAC, Docket Document No. 46] | |
| 8. All state law claims have been dismissed as to plaintiffs Rachael Spencer and Drenea Singer for their failure to submit a Government Tort Claim.<br><br>[Order of Dismissal, Docket Document No. 59; Inlow Decl. ¶ 2] | |
| 9. Neither the Original, First Amended nor Second Amended Complaint reference or attach documents | |

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

-4-
**DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW**

| | |
|---|---|
| showing compliance with California *Code of Civil Procedure* § 377.32.<br><br>[Original Complaint, Docket Document No. 7; First Amended Complaint, Docket Document No. 16; SAC, Docket Document No. 44] | |
| 10. On February 3, 2018, plaintiff Don Spencer was the father of the adult decedent.<br><br>[SAC, Docket Document No. 44, ¶ 2] | |
| 11. On February 3, 2018, plaintiff Rachael Spencer was the legal spouse of the decedent and plaintiff Drenea Singer was his only child.<br><br>[SAC, Docket Document No. 44, ¶ 3 and 4] | |
| 12. Plaintiff Don Spencer was not financially dependent on Jeremy Spencer at the time of his death. In contrast, Don Spencer contributed to the financial support of Jeremy Spencer.<br><br>[Exhibit A, Deposition of Plaintiff | |

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

| | | |
|---|---|---|
| | Don Spencer, 58:12-14, 67:1-9, 67:16-20, 73:3-5] | |
| | 13. Don Spencer has incurred no medical or psychiatric treatment arising out of the death of his son. [Exhibit A, Deposition of Plaintiff Don Spencer, 125:9-14] | |
| | 14. The SAC asserts no *Monell* cause of action as to the County of Los Angeles. [SAC, Docket Document No. 44] | |
| | 15. The SAC asserts no cause of action under the Fourteenth Amendment for interference with familial integrity. [SAC, Docket Document No. 44] | |
| | 16. The last day to hear motions seeking to amend the pleadings was almost a year ago on January 17, 2020. [Scheduling Order, Docket Document No. 33] | |

# FACTS SUPPORTING PARTIAL SUMMARY ADJUDICATION OF ISSUES

### ISSUE 1:   Plaintiffs' Cause of Action for Excessive Force Fails

| Defendants' Undisputed Material Facts and Supporting Evidence: | Opposing Response and Supporting Evidence: |
|---|---|
| Defendants incorporate Undisputed Material Facts and Supporting Evidence Nos. 1 to 16 as though fully set forth herein. | |

### ISSUE 2:   Plaintiff's Cause of Action for Wrongful Death Fails

| Defendants' Undisputed Material Facts and Supporting Evidence: | Opposing Response and Supporting Evidence: |
|---|---|
| Defendants incorporate Undisputed Material Facts and Supporting Evidence Nos. 1 to 16 as though fully set forth herein. | |

### ISSUE 3:   Plaintiffs' Cause of Action for Assault and Battery Fails

| Defendants' Undisputed Material Facts and Supporting Evidence: | Opposing Response and Supporting Evidence: |
|---|---|
| Defendants incorporate Undisputed Material Facts and Supporting Evidence Nos. 1 to 16 as though fully | |

set forth herein.

### ISSUE 4: Plaintiffs' Cause of Action for IIED Fails

| Defendants' Undisputed Material Facts and Supporting Evidence: | Opposing Response and Supporting Evidence: |
|---|---|
| Defendants incorporates Undisputed Material Facts and Supporting Evidence Nos. 1 to 16 as though fully set forth herein. | |

### ISSUE 5: Plaintiffs' Cause of Action for NIED Fails

| Defendants' Undisputed Material Facts and Supporting Evidence: | Opposing Response and Supporting Evidence: |
|---|---|
| Defendants incorporate Undisputed Material Facts and Supporting Evidence Nos. 1 to 16 as though fully set forth herein. | |

### ISSUE 6: Plaintiff's Cause of Action Under the Bane Act Fails

| Defendants' Undisputed Material Facts and Supporting Evidence: | Opposing Response and Supporting Evidence: |
|---|---|
| Defendants incorporate Undisputed Material Facts and Supporting Evidence Nos. 1 to 16 as though fully | |

set forth herein.

# CONCLUSIONS OF LAW

1. Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *FRCP* 56(c); *Adickes v. S.H. Kress & Co.* (1970) 398 U.S. 144, 157; *Fortyune v. American Multi- Cinema, Inc.*(9th Cir. 2004) 364 F. 3d 1075, 1080.

2. "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file." Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp v. Catrett* (1986) 477 U.S. 317, 322-323.

3. The opposing party may not rely upon mere allegations or denials in its pleadings but is required to tender evidence of specific facts in the form of affidavits and/or admissible discovery material, in support of its contention that the dispute exists. *FRCP* 56 (c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* (1986) 475 U.S. 574, 586.

4. Conclusory allegations unsupported by factual data will not create a triable issue of fact allowing a party to survive a summary judgment motion. *Marks v. U.S.* (9th Cir. 1978) 578 F.2d 261, 263; *FTC v. Publ'g Clearing House, Inc.* (9th Cir. 1996) 104 F.3d 1168, 117.

5. The moving party has no burden to negate or disprove matters on which the non-moving party has the burden of proof at trial but need only point out to the Court through argument an absence of evidence to support the non-moving party's case. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

6. Fourth Amendment rights may not be vicariously asserted; they are personal to the decedent. *Smith v. City of Fontana*, 818 F.2d 1411, 1417 (9th Cir. 1987). The general rule is that "only the person whose [personal] rights were violated can sue to vindicate those rights." *Moreland v. Las Vegas Metro. Police Dept.,* 159 F.3d 365, 370 (9th Cir. 1998).

7. It is well-established that excessive force claims are analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386 (1989).

8. In §1983 actions survivors of a deceased individual whose rights were violated before death may assert these personal claims on the decedent's behalf, but only if the relevant state's law permits such an action. *Smith, supra,* at 1417 (overruled on other grounds in *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1041 (9th Cir. 1999)).

9. In California, *Code of Civil Procedure* (CCP) § 377.20 authorizes a survival cause of action which survives the decedent's death. Under CCP § 377.30, a survival claim passes to the decedent's successor in interest (subject to *Probate Code* § 7000, et set.) and an action for such a claim may be commenced by the decedent's personal representative. *Tatum v. City & Cnty. of San* Francisco, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006); *see also, Hayes v. County of San Diego*, supra, 736 F. 3d at 1228.

10. The requirements to proceed as the successor in interest are set forth in CCP § 377.32(a).

11. The requirements of CCP § 377.32 are mandatory, and they cannot be disregarded. Plaintiffs have the burden of establishing standing under California's survival statute. *Tatum, supra,* 441 F.3d at 1094 n.2; *Moreland, supra,* 159 F.3d at 369. Indeed, this court in *Keiper v. Victor Valley Transit Auth.*, 2015 U.S. Dist. LEXIS 82870, *14-*15 (C.D. Cal. June 25, 2015), emphasized that "federal courts have dismissed claims brought by successors in interest where the plaintiff fails to allege facts or attach documents to the complaint showing compliance with [Section 377.32]." *See also*, *McKinney v. Singh*, 2015 U.S. Dist. Lexis 115692, *3-*5 (E.D. Cal. Aug. 31, 2015) (survivor claims dismissed with prejudice for failure to comply with Section 377.32).

12. Under California law, "a survivor cause of action is not a new cause of action that vests in the heirs on the death of the decedent. It is instead a separate

and distinct cause of action which belonged to the decedent but, by statute, survives that event." *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1264 (2006). A wrongful death claim is purely statutory in nature, and therefore, "exists only so far and in favor of such person as the legislative power may declare." *Barrett v. Superior Court*, 222 Cal. App. 3rd 1176, 1185 (1990).

13. The elements of the cause of action for wrongful death are the tort, the resulting death, and pecuniary loss damages suffered by the *heirs*. *Lattimore v. Dickey*, 239 Cal.App.4th 959, 968 (2015) (italics in original).

14. In California, CCP § 377.60 establishes who may file a lawsuit for the wrongful death of another.

15. For the purposes of this section, dependence refers to financial support rather than emotional support. *Hazelwood v. Hazelwood*, 57 Cal.App.3d 693, 697-698 (1976) [interpreting predecessor statute]). An individual is a dependent if, at the time of the decedent's death, the individual was actually dependent on the decedent for "the necessaries of life." *Id.* at 698. Mere financial support that makes available to the individual some of the "niceties of life" that the individual might not otherwise have been able to afford is insufficient to establish dependence. *Perry v. Medina*, 192 Cal.App.3d 603, 610 (1987).

16. If the plaintiff is relying on more than one legal theory of recovery, "each cause of action [in a complaint] must be reflected in a timely claim." *Fall River Joint Unified School Dist. v. Superior Court*, 206 Cal.App.3d 431 (1988). If

the complaint alleges a factual basis for recovery that is not fairly reflected in the written claim, the complaint is subject to a dispositive motion. *See, Hata v. Los Angeles County Harbor/UCLA Med. Ctr.*, 31 Cal.App.4th 1791 (1995).

17. To sustain a claim for IIED, plaintiff must show outrageous conduct by the defendant with the intent to cause emotional distress *and* plaintiff must have suffered severe emotional distress. *Christensen v. Sup. Ct.*, 54 Cal.3d 868 (1991). "Outrageous conduct" has been described as "conduct so extreme as to exceed all bounds of that usually tolerated in the civilized community" *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982), or "that which is atrocious and utterly intolerable." *Melorich Builders, Inc. v. Sup. Ct.*, 160 Cal.3d 931, 936 (1984). Outrageousness is a question of law determined at the outset by the court. *Alcorn v. Ambro Engineering, Inc.,* 2 Cal.3d 493, 499 (1970).

18. The claimed emotional distress is not of the requisite severity and "of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." *Fletcher v. Western Nat. Life Ins. Co.*, 10 Cal.App.3d 376, 397 (1970).

19. The doctrine of "negligent infliction of emotional distress" is not a separate tort or cause of action. It simply allows certain persons to recover damages for emotional distress only on a negligence cause of action even though they were not otherwise injured or harmed. CACI 1621; *Molien v. Kaiser Foundation Hospitals*, 27 Cal.3d 916, 928 (1980).

20. A "bystander" case is one in which a plaintiff seeks recovery for damages for emotional distress suffered as a percipient witness of an injury to another person. "In the absence of physical injury or impact to the plaintiff himself, damages for emotional distress should be recoverable only if the plaintiff: (1) is closely related to the injury victim, (2) is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim and, (3) as a result suffers emotional distress beyond that which would be anticipated in a disinterested witness." *Thing v. La Chusa*, 48 Cal.3d 644, 647 (1989). To satisfy the second *Thing* requirement "the plaintiff must experience a contemporaneous sensory awareness of the causal connection between the defendant's infliction of harm and the injuries suffered by the close relative." *Fortman v. Förvaltningsbolaget Insulan AB*, 212 Cal.App.4th 830, 836 (2013).

DATED: November 12, 2020      COLLINSON, DAEHNKE, INLOW & GRECO

By: *Laura E. Inlow*
Laura E. Inlow, Esq.
Attorneys for Defendants
COUNTY OF LOS ANGELES, ROBERT GARAY and STEVEN AMENT